IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | MEMORANDUM |
| | 11-cr-81-bbc |
| v. | |
| JOHN L. DAVIS, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

When defendant John L. Davis was sentenced in this court in December 2011, he was anticipating a subsequent state court sentencing on related conduct. At the time, circuit law did not support imposing a federal sentence to run concurrently with a state sentence that had not yet been determined, so I denied defendant's request for a concurrent sentence. Defendant appealed, arguing that the court had abused its discretion by imposing his sentence to run consecutively to his anticipated state sentence. Before the appeal could be decided, the Supreme Court decided in <u>Setser v. United States</u>, 132 S. Ct. 1463 (2012), that sentencing courts have the authority to determine whether the federal sentence should run consecutively or concurrently with a state sentence that has not been imposed.

In light of <u>Setser</u>, the court of appeals remanded defendant's case to this court for resentencing, not knowing that while defendant's appeal was pending, the Bureau of Prisons had sought and obtained recommendations from both the court and the United States

1

Attorney to run defendant's sentence concurrently with his state sentence. The Bureau has now given defendant a retroactive designation, with the result that he is serving exactly the sentence to which he is entitled under <u>Setser</u>. Under the circumstances, it would serve no purpose to bring defendant back to court for resentencing.

I believe that the court of appeals would agree with me that no judicial or Bureau of Prisons resources should be devoted to an unnecessary resentencing, but I will send a copy of this memorandum to the court so that it is aware of my decision to take no further action in this case as it relates to defendant's sentence.

Entered this 4th day of April, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge